UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KEIBER VALECILLOS PALMA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:26-cv-00113-JRS-MG |
| | ) |
| KRISTI NOEM, | ) |
| SAMUEL OLSEN, | ) |
| PAMELA BONDI, | ) |
| BRISON SWEARINGEN, | ) |
| EXECUTIVE OFFICE FOR IMMIGRATION | ) |
| REVIEW, | ) |
| DEPARTMENT OF HOMELAND SECURITY, | ) |
| | ) |
| Respondents. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART
PETITION FOR WRIT OF HABEAS CORPUS**

Keiber Valecillos Palma seeks a writ of habeas corpus requiring that he be released from U.S. Immigration and Customs Enforcement (ICE) detention or, alternatively, that he receive a bond hearing. Because the undisputed facts demonstrate that Mr. Valecillos Palma is eligible for bond, the Court grants his petition by directing that he be afforded a bond hearing or released from detention.

**I.    Background**

The material facts are undisputed.

Mr. Valecillos Palma is a Venezuelan national who entered the United States without inspection or parole in 2022. Dkt. 7-1 at 8. He was briefly detained by a border patrol agent and then released in September 2022. *Id.* at 10. On December 11, 2025, he was detained by ICE officers in Indianapolis. *Id.* at 9. During an interview, Mr. Valecillos Palma made no claim to citizenship or lawful immigration status. *Id.* An immigration official authorized Mr. Valecillos Palma's arrest

1

through an administrative warrant based on 8 U.S.C. § 1226. Dkt. 7-1 at 5 (administrative warrant addressed to "Any immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations").

Mr. Valecillos Palma had previously been issued a Notice to Appear, which initiated removal proceedings against him, but service was unclear. *Id.* at 9. Accordingly, he was issued a new Notice to Appear on December 11, 2025. *Id.* at 1.

Mr. Valecillos Palma remains in ICE custody and is currently incarcerated at the Clay County Justice Center. On January 8, 2026, Immigration Judge Matthew Beese refused Mr. Valecillos Palma's request for a bond hearing, determining that he lacked jurisdiction to consider bond because Mr. Valecillos Palma is legally and categorically ineligible for discretionary release. Dkt. 7-1 at 6–7.

Mr. Valecillos Palma was scheduled to appear before an immigration judge on January 29, 2026. Dkt. 7 at 6. While the result of that hearing is not in the record, the ICE locator reflects that Mr. Valecillos Palma is still in custody at the Clay County Justice Center as of February 2, 2026. *See* https://locator.ice.gov/odls/ (last visited Feb. 2, 2026).

## II.    Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Valecillos Palma argues that his continued detention without even being considered for bond violates the Constitution and laws of the United States in two respects. First, he contends that his continued detention without the possibility of bond violates a declaratory judgment issued in a class action by the U.S. District Court for the Central District of California and that he is a member

of the class protected by that judgment. Second, he argues that his continued detention without the possibility of bond violates the Immigration and Naturalization Act (INA).

The respondents argue that the declaratory judgment is not enforceable in this Court (or at least that this Court should not enforce it) and that the INA not only allows but requires Mr. Valecillos Palma to be detained without bond. In any event, they argue, Mr. Valecillos Palma's petition is premature because he has not exhausted available administrative remedies. Alternatively, they argue that Mr. Valecillos Palma is entitled to at most a bond hearing.

The Court finds that the declaratory judgment is not dispositive to this case and declines to resolve the question of its enforceability. However, Mr. Valecillos Palma's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. Finally, the Court finds that this relief is not barred by Mr. Valecillos Palma's decision to proceed to this Court before pursuing additional administrative relief.

### A. The *Maldonado Bautista* Declaratory Judgment

Mr. Valecillos Palma first argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. The petitioners in that action were, like Mr. Valecillos Palma, held without consideration of bond. The District Court considered the same issue (whether the legal authority to detain the petitioners required that they be considered for bond) that this case presents, and it reached the same conclusion (that the petitioners were entitled to consideration of bond) that this Court reaches below. *See generally* 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025) (*Maldonado Bautista I*); 2025 WL 3713987 (C.D. Cal. Nov. 20, 2025) (*Maldonado Bautista II*).

On November 20, 2025, the *Maldonado Bautista* court granted the petitioners' motion for a declaratory judgment deeming DHS's widespread application of 8 U.S.C. § 1225(b)(2) and its

3

mandatory detention provision contrary to the INA. *Maldonado Bautista I*, 2025 WL 3289861. A month later, the court granted the petitioners' motion for class certification under Federal Rule of Civil Procedure 23. The court defined the certified class as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

*Maldonado Bautista II*, 2025 WL 3713987, at *32. As relief, the court declared DHS's application of § 1225(b)(2) contrary to law, deemed the policy vacated pursuant to the Administrative Procedure Act (APA), and entered final judgment. *Id.* The case is now on appeal in the Ninth Circuit. *See Bautista, et al. v. United States Dep't of Homeland Security*, No. 25-7958 (9th Cir. Dec. 19, 2025).

Mr. Valecillos Palma seeks relief from his detention on the basis that he is a member of the bond-eligible class certified in *Maldonado Bautista*. Dkt. 1 ¶¶ 27-30. The respondents object for various reasons. Dkt. 7 at 14–20.

A recent decision of the Supreme Court raises serious questions about *Maldonado Bautista*'s enforceability to resolve habeas corpus actions outside the Central District of California. In *Trump v. J.G.G.*, the Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). On that basis, the Supreme Court vacated a preliminary injunction barring the removal of a provisionally certified class of aliens and held that class members must pursue any relief in habeas actions in the districts where they were confined. *Id.* at 673–74. The precise question Mr. Valecillos Palma raises is not the same as in *J.G.G.* He seeks relief through the proper

4

vehicle (a habeas petition) and in the proper venue (the district where he is confined), but he seeks relief based on a judgment issued from a different district. If *J.G.G.* does not squarely forbid this Court to grant him relief based on *Maldonado Bautista*'s declaratory judgment, it certainly presents cause for caution.

Ultimately, though, *Maldonado Bautista*'s enforceability and its interaction with *J.G.G.* are issues this Court need not resolve today. This Court and others have consistently reached the same conclusion as the Central District of California. Even without *Maldonado Bautista*, this Court finds for the reasons explained below that Mr. Valecillos Palma's detention may be authorized only by § 1226(a), that he is therefore eligible for discretionary release on bond, and that the government's refusal to consider release on bond entitles him to habeas relief.

### B.    Detention Under § 1226(a)

Alternatively, Mr. Valecillos Palma asks the Court to reach the same conclusion the Central District of California reached in *Maldonado Bautista*: that his continued detention without consideration of bond is contrary to the INA. Dkt. 1 ¶¶ 29-30. He invokes the now familiar argument that his detention can only be authorized by 8 U.S.C. § 1226(a):

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> (B) conditional parole[.]

8 U.S.C. § 1226(a); dkt. 8 at 3-4.

The respondents answer that Mr. Valecillos Palma's detention is not only authorized but required by § 1225(b)(2)(A), which directs that "an alien who is an applicant for admission . . . shall be detained" for the pendency of removal proceedings. They insist that, because Mr. Valecillos Palma has not been admitted to the United States by immigration officials, and because he opposes his removal, he is an "alien who is an applicant for admission" and therefore subject to compulsory detention under § 1225(b)(2)(A). Dkt. 7 at 9-13.

The respondents' interpretation of § 1225(b)(2)(A)—that every alien arrested inside the United States who seeks to remain here, no matter how long after arriving, is an applicant for admission subject to mandatory detention—is legally dubious. The Seventh Circuit recently responded to this argument with skepticism. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060–61 (7th Cir. Dec. 11, 2025) ("The question is whether § 1225(b)(2)(A) covers any noncitizen who is unlawfully already in the United States as well as those who present themselves at its borders. . . . Based upon the text and structure of the two provisions, we believe that Plaintiffs have the better argument on the current record."). Before and since, this Court and the vast majority of other district courts have rejected the government's interpretation. *See, e.g.*, *Morales Sandoval v. Crowley, et al.*, No. 2:25-cv-00560-JRS-MKK, 2025 WL 3760760, at *3-6, dkt. 16 at 5-13 (S.D. Ind. Dec. 30, 2025); *Perez Reyes v. Bondi*, No. 4:25-cv-00239-SEB-KMB, 2025 WL 3755928, at *3 (S.D. Ind. Dec. 29, 2025) ("The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to 'arriving' noncitizens attempting to enter the United States rather than undocumented aliens like Ms. Perez Reyes who have lived in the interior of the United States for years."). As this Court previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment

6

to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *Morales Sandoval*, 2025 WL 3760760, at *3-6.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 7 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[1] Mr. Valecillos Palma is entitled to a bond hearing under § 1226.

### C.  Jurisdiction Under § 1226(e)

The respondents also argue that, even if Mr. Valecillos Palma's detention is governed by § 1226, then § 1226(e) deprives the Court of jurisdiction over his claim. This argument collapses under its own weight. Section 1226(e) precludes review of the "Attorney General's discretionary judgment regarding the application of" § 1226 to detain an alien or revoke or deny bond or parole. The Attorney General has not rendered a discretionary judgment under § 1226. Her delegee—Judge Beese—expressly found that he lacked jurisdiction to even consider bond. The Attorney General has not considered the possibility of bond or parole and therefore has not revoked or denied it.

Section 1226(e) might preclude this Court's intervention if Mr. Valecillos Palma requested bond, an immigration judge considered his request on the merits and denied it, and he petitioned

---

[1] The respondents offer a passing reference to *Cruz Rodriguez v. Olson*, No. 1:25-cv-12961, 2025 WL 3672856 (N.D. Ill. Dec. 17, 2025), *withdrawn & superseded*, 2026 WL 63613 (N.D. Ill. Jan. 8, 2026), which the Court addresses specifically due to its recency and its issuance from within the Seventh Circuit. *See* dkt. 7 at 2. *Cruz Rodriguez* offers a thorough and thoughtful analysis of §§ 1225 and 1226 and concludes that *both* provisions apply to certain aliens apprehended inside the United States. *See Cruz Rodriguez*, 2025 WL 3672856, at *7 ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). This Court finds that logic problematic for reasons expressed in previous decisions and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

this Court for a different result. That is not the case. The government has not made a discretionary decision to detain him. It insists that it has no discretion. Section 1226(e) does not apply to this case.

### D.  Exhaustion of Administrative Remedies

Finally, the respondents argue that Mr. Valecillos Palma's claims are premature because he has not exhausted every remedy available through the immigration system. Specifically, he has not appealed Judge Beese's refusal to consider his bond request to the Board of Immigration Appeals, and he has not appealed an unfavorable decision by that body to the Seventh Circuit. Dkt. 7 at 12-13. The respondents do not cite a statute requiring Mr. Valecillos Palma to proceed to the BIA before seeking habeas relief. In the absence of a statutory mandate, the Seventh Circuit holds that "sound judicial discretion governs" whether courts should require exhaustion. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004). This Court has previously found that the petitioner was not required to exhaust administrative remedies because doing so would be futile given *Matter of Yajure Hurtado*'s holding. *Morales Sandoval*, 2025 WL 3760760, at *2. Given that immigration judges continue to rely on *Matter of Yajure Hurtado*'s holding, the Court concludes that exhaustion is not required.

### E.  Scope of Relief

Mr. Valecillos Palma is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Valecillos Palma requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 7. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591

U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Valecillos Palma's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

### III.   Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **seven days** to certify that Mr. Valecillos Palma has (1) appeared for a bond hearing before an immigration judge consistent with 8 U.S.C. § 1226(a) and pertinent regulations, or (2) been released from detention. The petition is **denied** to the extent it seeks an order that Mr. Valecillos Palma be immediately released. The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: 2/2/2026

_____
JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

9